**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pacific Indemnity Co., | No. CV-08-0466-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Pickens Kane Moving & Storage Co.; Atlas Van Lines, Inc., | |
| Defendants. | |
| Pickens Kane Moving & Storage Co. | |
| Cross-Claimant | |
| vs. | |
| Atlas Van Lines, Inc. | |
| Cross-Defendant | |
| Atlas Van Lines, Inc. | |
| Cross-Claimant | |
| vs. | |
| Pickens Kane Moving & Storage Co. | |
| Cross-Defendant. | |

On October 14, 2009, the parties lodged a proposed form of final judgment (doc. 153). Shortly thereafter, Pickens Kane filed a motion for attorney's fees pursuant to LRCiv 54.2 (doc. 154), along with a motion to stay entry of judgment (doc. 155), asking us to delay entry

of judgment until we rule on its motion for attorney's fees. Pickens Kane contends that once judgment is entered it will be unable to protect itself from execution of the judgment except by filing its notice of appeal and obtaining a stay by supersedeas bond under Rule 62(d), Fed. R. Civ. P. In doing so, Pickens Kane complains that it will forego its opportunity to extend the time to file an appeal under Rule 58(e), Fed. R. Civ. P., and avoid piecemeal appellate litigation. Pacific Indemnity objects to the motion to stay entry of judgment (doc. 156).

In the meantime, and notwithstanding that Pickens Kane has not yet filed its memorandum in support of its motion for attorney's fees, see LRCiv 54.2(b)(2), Atlas has objected to fees (doc. 157) and Pickens Kane has replied (doc. 158).

Pickens Kane is correct that although Rule 58(e) provides an extension of the time to file a notice of appeal, it does not delay the execution of judgment. Moreover, a stay of execution of judgment is available by supersedeas bond only "upon or after filing the notice of appeal or after obtaining the order allowing the appeal." Fed. R. Civ. P. 62(d). Therefore, it appears that the rules do not permit a party to both extend the time to file an appeal and stay execution of judgment. This glitch in the rules will not interfere with Pacific Indemnity's right to seek consolidation of the separate appeals in the court of appeals.

Notwithstanding Pickens Kane's efforts to avoid two separate appeals, we are required to enter final judgment promptly. Id. at 58(b)(2). Entry of judgment cannot be delayed in order to tax costs or award fees. Id. at 58(e).

Therefore, **IT IS ORDERED DENYING** Pickens Kane's motion to stay entry of judgment (doc. 155). Judgment will be entered concurrent with this order.

The parties are advised that the briefing related to Pickens Kane's motion for attorney's fees and costs is not in compliance with LRCiv 54.2. We will rule on the motion for fees and costs once the parties have fully complied with the local rule.

DATED this 24th day of November, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge