**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Pacific Indemnity Co., | ) | No. CV-08-0466-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Pickens Kane Moving & Storage Co.; Atlas Van Lines, Inc., | ) | |
| Defendants. | ) | |
| Pickens Kane Moving & Storage Co. | ) | |
| Cross-Claimant | ) | |
| vs. | ) | |
| Atlas Van Lines, Inc. | ) | |
| Cross-Defendant | ) | |
| Atlas Van Lines, Inc. | ) | |
| Cross-Claimant | ) | |
| vs. | ) | |
| Pickens Kane Moving & Storage Co. | ) | |
| Cross-Defendant. | ) | |

The court has before it Pickens Kane's motion for reasonable expenses (doc. 154), Atlas' response (doc. 157), Pickens Kane's reply (doc. 158), and Pickens Kane's renewed

motion for reasonable expenses (doc. 162), Atlas' response (doc. 170), and Pickens Kane's reply (doc. 175). Finally, we have Atlas' objection to the clerk's taxation of costs (doc. 180).

This case arises out of the loss of household goods by fire during shipment. Pacific Indemnity Company filed this action against Pickens Kane Moving & Storage ("Pickens Kane"), the receiving carrier and Atlas Van Lines ("Atlas"), the delivering carrier, asserting claims under the Carmack Amendment, 49 U.S.C. § 14706, and seeking damages in the amount of $1 million, the declared value of the shipment. Pickens Kane then filed a cross claim against Atlas for indemnity under 49 U.S.C. § 14706(b).

In our order dated September 9, 2009, we held that Pickens Kane is liable to Pacific Indemnity for $1 million (doc. 139). We then considered apportionment of liability under 49 U.S.C. § 14706(b) as between Pickens Kane and Atlas. Pickens Kane sought indemnification from Atlas for all sums awarded to Pacific Indemnity. Atlas argued that its liability was limited to 60 cents per pound, or alternatively $5.00 per pound (docs. 62, 116). We entered judgment in favor Pickens Kane and against Atlas in the amount of $5.00 per pound, or $52,500 (doc. 160). Pickens Kane now seeks to recover its reasonable expenses under 49 U.S.C. § 14706(b).

In order to "relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods," Reider v. Thompson, 339 U.S. 113, 119, 70 S. Ct. 499, 502 (1950), the Carmack Amendment makes the originating carrier liable for damage to a shipper's cargo regardless of whether the damage occurred on its line or on the line of a connecting carrier. 49 U.S.C. § 14706(a). A carrier found strictly liable under subsection (a) is then "entitled to recover from the carrier over whose line or route the loss or injury occurred the amount required to be paid to the owners of the property . . . and the amount of its expenses reasonably incurred in defending a civil action brought by that person." Id. § 14706(b). Pickens Kane contends that it is entitled to recover its expenses in the amount of $74,402.35.[1]

---

[1] Pickens Kane has withdrawn its request for attorney's fees. Memorandum at 2.

1   Atlas does not contest the reasonableness of the claimed expenses, but instead argues that because it admitted that it was liable for damages up to the limitation of liability contained in its bill of lading and controlling tariffs–a maximum of $52,500–Pickens Kane is not entitled to recover any of its expenses. It also argues that Pickens Kane is not entitled to recover its expenses under § 14706(b) because it sought $1 million in indemnification, but was awarded only $52,500, and therefore it is not the prevailing party. We disagree with both arguments.

First, although Atlas admitted some liability from the inception of the litigation, it continued to argue alternatively, as late as its motion for summary judgment, that its liability was limited to 60 cents per pound (doc. 116). Therefore, the issue of Atlas' liability remained in dispute until our order on summary judgment was entered.

As to the second argument, Atlas has cited no case law to establish that a traditional prevailing party analysis is applicable to the indemnification provisions of § 14706(b). Section 14706(a) imposes strict liability on even a faultless originating carrier. In order to ameliorate the harshness of the rule, the statute also provides that the "carrier issuing the receipt or bill of lading . . . *is entitled to recover* from the carrier over whose line or route the loss or injury occurred . . . the amount of its expenses reasonably incurred in defending a civil action brought by [the owner of the shipment]." 49 U.S.C. § 14706(b) (emphasis added). Therefore, Atlas, over whose route the loss indisputably occurred, is liable to Pickens Kane, the carrier issuing the bill of lading, for the amount of reasonable expenses Pickens Kane incurred in defending the civil action brought by Pacific Indemnity.

Even if a traditional prevailing party analysis is applicable, we would nevertheless conclude that Pickens Kane satisfies the test. A party need not succeed on all issues or even on what may be considered the "central" issue of the case. Park v. Anaheim Union High School Dist., 464 F.3d 1025, 1035 (9th Cir. 2006). Instead a prevailing party is one who succeeds on "any significant issue" in litigation which "achieves some of the benefit the parties sought in bringing the suit." Id. (citations omitted). Here, Pickens Kane clearly

prevailed in obtaining some of the relief it sought and therefore is entitled to recover its reasonable costs.

For the same reasons stated above, we deny Atlas' objection to the clerk's order taxing costs against Atlas and in favor of Pickens Kane in the amount of $10,135.86 (doc. 180).

**IT IS ORDERED GRANTING** Pickens Kane's motion (doc. 154) and renewed motion (doc. 162) for reasonable expenses in the amount of $74,402.35.

**IT IS FURTHER ORDERED DENYING** Atlas' motion objecting to taxation of costs (doc. 180).

DATED this 6th day of May, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge